Filed 1/11/21  P. v. Delery CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERIC DELERY,<br><br>Defendant and Appellant. | B305434<br><br>(Los Angeles County<br> Super. Ct. No. MA043949) |

APPEAL from an order of the Superior Court of Los Angeles County.  Lisa M. Chung, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In December 2009, defendant and appellant Eric Delery was convicted by jury of premeditated attempted murder, assault with a firearm and dissuasion of a witness and sentenced to 10 years plus 14 years to life in prison. The charges arose from a premeditated attack defendant and his codefendant (a cousin) committed against another cousin in the midst of a violent family feud. We affirmed defendant's conviction. (*People v. Delery* (Apr. 18, 2011, B221665) [nonpub. opn.])

After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) in 2018, defendant filed a petition for resentencing pursuant to Penal Code section 1170.95. Section 1170.95 was enacted as part of the legislative changes effected by Senate Bill No. 1437 and became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.) At a hearing in February 2020, the trial court denied defendant's petition, concluding he had not stated a prima facie case for relief under the new statute because "his underlying charges include attempted murder" and the "non-murder" offenses of assault and dissuasion of a witness.

Defendant appealed. He contends the trial court's summary denial of his resentencing petition was in error and violated his rights to equal protection under both the state and federal Constitutions. We disagree.

"Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Penal Code section 1170.95, subdivision (a) provides, in plain language, that only persons "convicted of felony murder or murder under a natural and probable consequences theory" may file a petition seeking resentencing. "When we interpret statutes, giving effect to legislative purpose is the touchstone of our mission." (*People v. Valencia* (2017) 3 Cal.5th 347, 409.) "The text of the statute is integral to our understanding of the statute's purpose." (*Ibid*.) "We must take 'the language . . . as it was passed into law, and [we] must, if possible without doing violence to the language and spirit of the law, interpret it so as to harmonize and give effect to all its provisions.'" (*Id*. at pp. 409–410.)

The Courts of Appeal are divided on the question of whether individuals who have been convicted of *attempted* murder may seek relief under Penal Code section 1170.95. Our Supreme Court has granted review and is currently considering the issue. (See, e.g., *People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted Nov. 13, 2019, S258175 [attempted murder not within scope of statute]; *People v. Muñoz* (2019) 39 Cal.App.5th 738, review granted Nov. 26, 2019, S258234 [same]; *People v. Dennis* (2020) 47 Cal.App.5th 838, review granted July 29, 2020, S262184 [same]; & *People v. Love* (2020) 55 Cal.App.5th 273, review granted Dec. 16, 2020, S265445 [same]; compare with *People v. Larios* (2019) 42 Cal.App.5th 956, review granted Feb. 26, 2020, S259983; *People v. Medrano* (2019) 42 Cal.App.5th 1001, review granted Mar. 11, 2020, S259948; & *People v. Sanchez* (2020) 46 Cal.App.5th 637, review granted June 10, 2020, S261768.)

Pending guidance from the Supreme Court, we believe *Lopez*, *Muñoz*, *Dennis* and *Love* are the better reasoned and

adopt their analyses. The trial court did not err in concluding defendant was not eligible for sentencing relief as to his conviction for premeditated attempted murder and the court's denial of his petition did not violate defendant's equal protection rights.

## DISPOSITION

The order denying defendant's resentencing petition is affirmed.


GRIMES, J.


WE CONCUR:


BIGELOW, P. J.


WILEY, J.

4